# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| BELINDA H.,[1] | )<br>) |
|    Plaintiff, | )<br>) |
| v. | )    Civil Action No. 7:18-cv-00352<br>) |
| ANDREW SAUL, Commissioner, Social<br>  Security Administration, | )    By: Elizabeth K. Dillon<br>)         United States District Judge<br>) |
|    Defendant. | )<br>) |

**MEMORANDUM OPINION**

Plaintiff Belinda H. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying her claim for social security income ("SSI") under the Social Security Act. Both parties moved for summary judgment, and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On August 1, 2019, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (Dkt. No. 24.) Plaintiff filed a timely objection on August 15, 2019. (Pl.'s Obj., Dkt. No. 25.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant the Commissioner's motion for summary

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

1

judgment, deny Belinda's motion for summary judgment, and affirm the Commissioner's decision.

I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 3–9.)

II. DISCUSSION

**A. Standard of Review**

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)). Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015).

**B. Belinda H.'s Objections**

In her brief to the magistrate judge in support of her motion for summary judgment, Belinda argued that the ALJ's assessment of her mental impairments and subjective impairment allegations is not supported by substantial evidence. (Pl.'s Mem. in Supp. of Mot. for Summ. J. 10–18, Dkt. No. 16.) In many respects, Belinda's objections are a restatement of those arguments. (*See, e.g.*, Pl.'s Mem. 11 ("Thus, it follows that a proper assessment of plaintiff's RFC requires a more in-depth discussion of his mental impairments at Step 4 than at Step 2 or 3.

3

Simply limiting plaintiff to simple, routine, tasks, simple work related decisions, and occasional interaction with coworkers and the public in his RFC assessment is not enough to fulfill SSR 96-8p."); Pl.'s Obj. 3 ("Therefore, a proper assessment of plaintiff's RFC under SSR 96-8p requires a more in-depth discussion of her mental impairments and consequently, the Report and Recommendation's reliance on the ALJ's discussion of plaintiff's mental impairments at step 2 in support of the ALJ's RFC finding is in error.").)[2] It is not necessary for the court to address the exact same arguments raised before the magistrate judge. The court will, however, address three objections raised by Belinda.

First, Belinda argues that the R&R mischaracterized her testimony about her ability to work around others and her difficulties staying on task. (R&R 11 ("The ALJ accurately noted that Belinda testified to being able to work around one, two, or a small amount of people, or a single supervisor, without significant problems.").) Belinda initially testified that she gets "distracted by other people," that "being around other people" makes her "nervous and anxious," and mentioned that she was fired from a job at the Dollar Store after she "explode[d] on" a customer. (R. 57.) However, she later clarified her testimony in response to questioning by the ALJ as follows:

> Q   You saying that you have problems around people. Do you
>     have problems around coworkers?

---

[2] *See also* Pl.'s Mem. 13–14 ("Similar to the ALJ in *Thomas* [*v. Berryhill*, 916 F.3d 307 (4th Cir. 2019)], the ALJ in plaintiff's case failed to draw explicit conclusions about how plaintiff's mental limitations affected her ability to perform job-related tasks for a full workday."); Pl.'s Obj. 5 ("The ALJ in plaintiff's case [similar to *Thomas*] failed to draw explicit conclusions about how plaintiff's mental limitations affect her ability to perform job-related tasks for a full workday and consequently remand is warranted."); *see* Pl.'s Mem. 17 ("The activities cited by the ALJ (chores, watching TV, reading, and cleaning the house) in support of his assessment of Plaintiff's allegations are not performed on a sustained basis. Instead, the activities are performed intermittently and as plaintiff testified, she has to stop and take breaks as needed due to distractions."); Pl.'s Obj. 9 ("In addition, the Report and Recommendation does not address the ALJ's failure to acknowledge that the activities he cited are performed intermittently and at plaintiff's own pace and that the ALJ failed to explain how her ability to perform these limited activities equate to her ability to perform SGA work on a sustained basis.").

> A. Yes, sir.
>
> Q A lot of coworkers, a small amount of coworkers?
>
> A If it's one or two, it's not bad, but if it's a whole bunch, yeah.
>
> Q So, you wouldn't have a problem if you had one supervisor?
>
> A Not unless I'm already feeling that stressed out and stuff.
>
> Q But, if you're in a situation where there's not many coworkers, you don't have to deal with the public and you had a supervisor, would you be all right with that?
>
> A I don't think that's real.
>
> Q But, I'm asking you.
>
> A If it was real, yeah.

(R. 58–59.) Belinda further testified that she has not had any other "explosions" against coworkers or supervisors aside from the Dollar Store incident. (R. 59.) Therefore, the magistrate judge's statement that "Belinda testified to being able to work around one, two, or a small amount of people, or a single supervisor, without significant problems," is not a mischaracterization of her testimony.

Second, Belinda argues that the R&R's statement that "Belinda herself testified to not having trouble concentrating, finishing things, or staying on task" is an "absolute mischaracterization" of her testimony. (Pl.'s Obj. 4.) Belinda testified that she does not have trouble concentrating, finishing things, or staying on task "at home," but when other people are added "to the mix," she "can't concentrate" or "do what I'm supposed to do." (R. 56–57.) The magistrate judge's statement about being able to stay on task, even if just at home, is not an inaccurate reflection of Belinda's testimony. Moreover, as noted above, Belinda subsequently

5

clarified that she can handle the stress of being around at least a limited number of people. For these reasons, the magistrate judge did not mischaracterize Belinda's testimony.

Third, Belinda takes issue with the magistrate judge's finding that "Belinda alleges in her brief that she has to lie down frequently during the day due to depression and poor stress tolerance, but she mischaracterizes *her own testimony*, during which Belinda testified that she 'barely' lies down during the day anymore because she had not 'really been depressed in a long time.'" (R&R 20 (emphasis in original) (citing R. 56).) Belinda's summary judgment brief does not use the term "frequently," but she does assert that she "has difficulty sitting more than thirty minutes and lies down during the day due to depression and poor stress tolerance." (Pl.'s Mem. 17.) As the magistrate judge correctly stated, this assertion is directly contradicted by Belinda's hearing testimony:

> Q    Do you have to lie down during the day?
>
> A    Sometimes. Once in a while.
>
> Q    How often?
>
> A    I had to lay down the day before yesterday because I was really, really stressed out and just really depressed.
>
> Q    Is it something that happens once a week, twice a week?
>
> A    *I barely do that*.
>
> Q    Why's that?
>
> A    *Just because I haven't really been that depressed in a long time.*

(R. 56 (emphasis added).) Thus, the magistrate judge's reasoning was accurate in that Belinda's own testimony undermines her subjective allegations of disability. (*See* R&R 20 ("Accordingly,

Belinda's contradictory statements lend support to the ALJ's finding that the objective medical evidence frequently did not support her complaints.").

III.  CONCLUSION

After a review of the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards.  Accordingly, this court will overrule Belinda's objections and adopt the magistrate judge's recommendation.  The court will therefore grant the Commissioner's motion for summary judgment and deny Belinda's motion for summary judgment.

An appropriate order will be entered.

Entered: August 30, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge